### HURD ET AL. v. HAMILL ET AL.

1. Under the statute of 1877, a purchaser at a tax sale is protected against the mistakes of the assessor or other official, and the liability of the county to the purchaser cannot be made to depend upon the liability of the officer to the county. The liability of the county is created by the mistake of the officer; when created its enforcement is not made to depend upon any contingency.

2. If a county is possibly liable to a purchaser at tax sale for failure of his title, the county commissioners may assume the defense of a suit against such purchaser and the county treasurer, to test the title, and, in such case, the county will be liable for the costs and lawyer's fees.

*Appeal from District Court, Clear Creek County.*

THE facts are stated in the opinion.

Messrs. L. C. ROCKWELL and W. T. HUGHES, for appellants.

Messrs. MORRISON and FILLIUS and THOS. J. CANTLIN, for appellees.

RISING, C. At a tax sale made by the county treasurer of Clear Creek county, in December, 1877, the defendant Hamill became the purchaser of certain premises, upon which taxes had been levied as the property of William H. Cushman, paying therefor the sum of $3,928.09, being the amount of taxes, interest and penalty, and thereupon

said county treasurer made and delivered to said Hamill a certificate of sale for said premises. In an action brought by John B. Trevor and James B. Colgate against said Hamill and Lewis L. Roberts, as county treasurer of said county, in the circuit court of the United States for the district of Colorado, a decree was entered on the 27th day of May, 1881, adjudging and decreeing that the assessment upon which the taxes were levied upon said premises for the year 1876 was void, and the sale void, and that the tax certificates issued thereon should be canceled, and for naught held. On June 8, 1881, said Hamill presented to the board of county commissioners of Clear Creek county a bill against said county for the sum of $3,928.09, with interest thereon at twenty-five per cent. per annum from the 3d day of December, 1877; the said sum of $3,928.09 being the amount paid by said Hamill at tax sale for the premises described in the tax certificates ordered canceled by decree of the court. The board of commissioners allowed said bill to the amount of $4,058.50, for the county and state proportion of the money to be refunded to said Hamill on account of said illegal tax sale, and issued a county order to said Hamill for said sum. On April 1, 1881, Morrison & Fillius presented to said board of county commissioners a bill against said county, for the sum of $200, for legal services and expenses rendered and expended in the suit brought by Trevor and Colgate against Hamill and Roberts, and the same was allowed, and an order issued therefor April 6, 1881. On June 1, 1881, the bill of Edward F. Bishop, clerk of the United States court, against the defendants in said action of Trevor and Colgate against Hamill and Roberts, for the costs in said case, was presented to said board of commissioners for allowance, and the same allowed, and an order issued therefor for the sum of $60.10. This action was brought to restrain the board of county commissioners from levying, and the county treasurer from collecting, a tax to pay said orders issued to said William A. Hamill, Morri-

son & Fillius, and W. F. Bishop; and to obtain a decree directing said board of county commissioners to pass resolutions rescinding the action of said board in the allowance of said bills, and the issuance of said orders. Upon trial, judgment dismissing the complaint, and against the plaintiffs for costs.

The only question raised by the assignment of errors is, Was the allowance of said bills, and the issuance of county orders therefor, authorized by the law of the land?

As to the bill of William A. Hamill, we think the action of the board of county commissioners was authorized by, and was in conformity with, the provisions of section 2345 of the General Laws of 1877, which are as follows: "When, by mistake or wrongful act of the treasurer, clerk or assessor, or from double assessment, land has been sold on which no tax was due at the time, the county shall hold the purchaser harmless, by paying him the amount of principal and interest at the rate of twenty-five per cent. per annum; and the treasurer, clerk or assessor, as the case may be, and his sureties on his official bond, shall be liable to the county for all losses sustained by the county from sales made through their mistakes or misconduct." It is conceded by appellants that the assessment of the Cushman property was void by reason of an error of the assessor in making an assessment of the same in 1876, but it is claimed by appellants that the provisions of the statute quoted do not affect this case, for the reason that the statute was not in force until March 20, 1877. The argument of appellants is that the intent of the law-making power was to hold the county harmless, as well as the purchaser at tax sale, and that this intent is evidenced by the provision in the statute making the officers of the county therein named liable to the county for all losses sustained by reason of its liability to the purchaser at tax sales. If, therefore, the officer, by whose error or mistake the tax proceedings

were invalidated, cannot be held liable to the county, under the statute, for such error or mistake, then the county cannot be held liable to the purchaser; that as the assessment, which was invalidated by the error of the assessor, was made before the act of 1877 took effect, the assessor cannot be held liable to the county under the statute, and for that reason the county cannot be held liable in this case.   We do not think the argument well founded.   The statute had taken effect, and was in force, at the time Hamill became the purchaser at tax sale. The provisions of the statute must be held to apply to such sales.   The statute being in force when the sale was made, the purchaser is protected by its provisions, and the liability of the county to him cannot be made to depend upon the liability of the officer who made the mistake or committed the error to the county.   The liability of the county is created by the mistake or wrongful act of its officers.   When created, its enforcement is not made to depend upon any contingency.   The provision of the statute, making the officers liable, shows the intent to save the county harmless, but it does not show an intent to make the liability of the county depend upon the liability ôf the officers.

It appears from the evidence that the county employed the law firm of Morrison & Fillius to assist the county attorney in the defense of the suit brought against Hamill and Roberts by Trevor and Colgate.   By reason of the possible liability of the county to the holder of the tax certificates sought to be canceled by said suit, the county had such an interest in that litigation that it was the duty of the board of county commissioners to do all that could be done to sustain the validity of the tax certificates.   It also appears from the evidence that Hamill tendered the defense of said action to the county, and that the county made the defense by its board of commissioners.   Under the law, the board of commissioners, in the proper discharge of their duties, could not have done less; and it

follows that the county is liable for services and expenses of the counsel it employed, and for the costs in the case, the defense of which it assumed.

The judgment should be affirmed.

Macon and Stallcup, CC., concur.

Per Curiam.    For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*