## HORACE A. KELLEY v. COUNTY OF GAGE.*

FILED JANUARY 8, 1903. NO. 12,573.

1. **Statutes: LETTER OF THE LAW: INTENTION OF LAWGIVER.** In the exposition of statutes, the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice or absurdity.

2. **Revenue Act of 1879: LEGISLATIVE INTENT.** By the adoption of section 131 of the revenue act of 1879, the legislature intended, not to make counties liable for the derelictions of the officers and agents of cities and villages, but only to change the tax-sale purchaser's ground of action,—to take away the right to sue when there is a valid tax, and in its place to give the right to sue when the tax is void or the land not subject to taxation.

3. **County Clerk: COUNTY TREASURER.** In dealing with taxes certified by city authorities to the county clerk, neither the county clerk nor county treasurer acts as agent of the county.

Syllabus by court; catch-words by editor.
* Rehearing allowed. See opinion, p. 11, *post.*

4. **Special Assessment:** SALE OF REAL ESTATE: WRONGFUL ACT. When a tax or special assessment, certified to the county clerk by the proper authorities of a city or village, is void on account of some irregular action taken by such authorities, a sale of real estate for the non-payment of such tax or assessment does not result from the mistake or wrongful act of either the county clerk or county treasurer.

5. **Liability of County Under Revenue Act.** A county is only liable under section 131 of the revenue act for the mistakes and wrongful acts of its own officers—the officers through whom its taxes are levied and collected.

ERROR from the district court for Gage county.. Action for the recovery of indemnity under section 131 of the general revenue law. Tried below before LETTON, J. Judgment for defendant. Plaintiff brings error. *Affirmed.*

*Alexander Q. Smith* and *William H. Ashby,* for plaintiff in error.

*Babcock, Sackett & Spafford, contra.*

SULLIVAN, C. J.

Horace A. Kelley, the holder of tax-sale certificates covering real estate upon which no taxes were due when the sales were made, having sued for indemnity under section 131 of the general revenue law, now brings to this court for review the record of an adverse judgment. The lots described in the certificates are situated in the city of Beatrice, and the taxes charged against them and certified by the city authorities to the county clerk of Gage county were what is commonly known as special assessments for improvements. These assessments were not made in the manner prescribed by the statute, and, according to the stipulation of the parties, were void. The irregularities which rendered them void did not, however, appear in the certificates sent, under the direction of the city authorities, to the county clerk. The clerk, therefore, in entering the assessments upon the tax lists, performed a duty plainly enjoined upon him by the statute. And in making

sales for the non-payment of these assessments the treasurer was acting in obedience to the command of the clerk's warrant; he was discharging a duty imposed by law. Neither of these officers made any mistake or did any wrongful act which resulted in the sales to plaintiff's assignor. The cause lay farther back; the making of the assessments and the certification of them to the county clerk were the acts from which the sales proceeded and without which they would not have been made. The section of the statute here in question provides: "When by mistake or wrongful act of the treasurer or other officer land has been sold on which no tax was due at the time, or whenever land is sold in consequence of error in describing such land in the tax receipt, the county is to hold the purchaser harmless by paying him the amount of principal and interest and costs to which he would have been entitled had the land been rightfully sold, and the treasurer or other officer and their bondsmen will be liable to the county to the amount of their official bond; or the purchaser, or his assignee, may recover directly of the treasurer or other officer, in an action brought to recover the same in any court having jurisdiction of the amount, and judgment shall be against him and his bondsmen; but the treasurer or other officer and their bondsmen shall be liable only for their own and deputies' acts." According to the plain terms of this section the loss sustained by a tax-sale purchaser falls ultimately upon the person or persons through whose fault the sale was made. The county, as said in *Hurd v. Hamill,* 10 Colo., 174, is liable in any event, but its liability is that of a surety; it is made to answer for the misconduct of the officers by which it levies and collects taxes, but it was not the intention of the legislature to make it liable for the mistakes and wrongful acts of city and village officers, with whom it has no business relations and over whom it has no control or authority. It is a well-settled rule in the interpretation of statutes that the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to pal-

Kelley v. Gage County.

pable injustice or absurdity. To require a county to answer for the negligence or delinquency of city or village officers would be contrary to reason and monstrously unjust. A statute which would permit a city to retain money which had come into its treasury by reason of the mistake or wrongful act of its own officers, while compelling the county to reimburse the person whose money was so received and retained, would be an anomaly in legislation; it would run counter to the plainest principles of natural justice and would, we suppose, be without precedent or analogy anywhere. Why should a county make atonement for wrongs done by a city through officers which it had itself freely chosen? Why should municipal corporations be allowed to profit by the derelictions of their own officers? And why should the consequences of such derelictions be borne by the counties? It is hardly possible to believe that a lawmaking body, composed of rational men, intended to tax property beyond corporate boundaries to swell municipal revenues, or that they intended to establish a rule of liability which would be at once condemned by the instinct and reason of all right-minded people. It is certain the original legislative purpose was to make counties liable only when, through the fault of their own officers, a tax sale failed to transfer title to the purchaser. Section 71 of the revenue act of 1869,* as amended, was as follows: "When, by mistake, or wrongful act of the treasurer or other officer, land has been sold contrary to the provisions of this act, the county is to save the purchaser harmless by paying him the amount of principal and interest to which he would have been entitled had the land been rightfully sold, and the treasurer, or other officer, and their sureties, shall be liable for the amount, on their bonds to the county, or the purchaser may recover the amount directly from the treasurer, or other officer, making such mistake or error." Construing this section, it was held in *Otoe County v. Gray,* 10 Nebr., 565, that if there was no tax due at the time of the sale,

* Session Laws, 1871, p. 83.

there was no liability either against the county or the officer through whose fault the sale was made. By adopting section 131 as part of the revenue law of 1879, it was evidently intended, not to make counties answerable for the mistakes and wrongful acts of municipal officers, but only to change the tax-sale purchaser's ground of action,— to take away the right to sue when there is a valid tax and in its place to give the right to sue when the tax is void or the land not subject to taxation. In the case last cited and also in *Kaeiser v. Nuckolls County,* 14 Nebr., 277, the words "other officer," as used in section 71 of the act of 1869, were interpreted to mean "other officer of the revenue," and in *Martin v. Kearney County,* 62 Nebr., 538, it was held that "irregular action by a city council in making a levy of taxes for municipal purposes, resulting in the levy being declared illegal and void, is not a 'mistake or wrongful act of the county treasurer or other officer,' within the meaning of section 131, article 1, chapter 77, Compiled Statutes, for which the county can be held liable to refund to a purchaser at delinquent tax sale the illegal taxes so attempted to be levied." This last case is a direct adjudication of the question here in controversy. To the extent, at least, that the decision rests upon the proposition quoted, it is sound law and is adhered to.

In *Merriam v. Otoe County,* 15 Nebr., 408, it was decided that it is only when a tax sale is made in consequence of a mistake or wrongful act, which is not matter of record, that the county is to save the purchaser harmless. This decision seems to be approved in *Martin v. Kearney County,* but whether it is a correct construction of the statute it is not now necessary to determine. It may, however, be remarked that we are not aware that it has ever been directly or indirectly overruled. It is certainly not in conflict with *Roberts v. Adams County,* 18 Nebr., 471, 20 Nebr., 411; *Wilson v. Butler County,* 26 Nebr., 676; or *Fuller v. Colfax County,* 33 Nebr., 716,—to which counsel for plaintiff have directed our attention. In those cases the lands sold were not subject to taxation, but that fact

did not appear of record. In other cases cited by counsel, such as *Grant v. Bartholomew*, 57 Nebr., 673, and *John v. Connell*, 61 Nebr., 267, the court was dealing with the rights of a purchaser at a tax sale which, although void on account of some irregularity, was made for the non-payment of a valid tax. The construction of section 131 was not involved.

The judgment of the district court is affirmed, and upon these grounds: (1.) A county is only liable under section 131 for the mistakes of its own officers—the officers through whom its taxes are levied and collected. (2.) In dealing with the Beatrice assessments, neither the county clerk nor county treasurer was acting as an officer or agent of the county. (3.) Neither of these officers made any mistake or did any wrongful act within the meaning of section 131.

AFFIRMED.

The following opinion on rehearing was filed April 21, 1904. *Former judgment adhered to:*

Commissioner's opinion, Department No. 3.

**Let It Stand as Decided.** On reexamination the former judgment is adhered to.

DUFFIE, C.

I think that the former judgment entered by this court should be adhered to. The reasoning in the former opinion, page 6, *ante*, and also in *Martin v. Kearney County*, 62 Nebr., 538, is to my mind conclusive of the question in controversy. To hold that the county is liable, or that the legislature intended to make it liable, to a tax-sale purchaser for money invested by him in the purchase of real property delinquent for special or ordinary taxes levied by the authorities of a city, is to offer a premium to the city officials to neglect their duty in the manner and method of imposing taxes for municipal purposes, and to impose a penalty on the county and its inhabitants for a wrong done by third parties, officers over whom they

Kelley v. Gage County.

have no control and for whose official position they are not responsible. In the absence of a statute making the county liable to the tax-sale purchaser, when the sale is invalid for any reason, it is plain that the purchaser would have no remedy against the county. If the purchaser, in the absence of this statute, could not recover from the county for a sale for taxes levied by its own agents, it is equally plain to my mind that the county can not recover from the city on account of city taxes which it has refunded, in the absence of a statute giving that right. I am clear that the law leaves the purchaser of lands delinquent for city taxes in the same position that he occupied before the enactment of section 131 of the revenue act of 1879. Where he bought at a sale for state and county taxes, he bought at his peril. But in relation to taxes levied by county authorities the legislature saw fit, on account of the needs of the state and county in promptly collecting their revenue, to offer as an inducement to those who would come forward and purchase lands upon which taxes were delinquent, to guarantee a return of their money with legal interest in case the sale was set aside because of any irregularity in the imposition of the tax. That the legislature might assist the several city governments in this state in the same manner is not questioned, but that it has done so, or intended the provisions of section 131 to cover a sale for city taxes, is so improbable from the circumstances of the case that I can not give my consent to such a construction of the law.

It is recommended that the judgment heretofore entered be adhered to.

SEDGWICK, J., concurring.

I consent to adhering to the former opinion in this case reluctantly and because we are committed to such construction of the statute in *Martin v. Kearney County*, 62 Nebr., 538, and *Otoe County v. Gray*, 10 Nebr., 565, and not because I think it is based upon the better reason.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the former opinion heretofore entered in this cause be adhered to.

FORMER JUDGMENT ADHERED TO.