STATE, EX REL. WILLIS E. REED, ATTORNEY GENERAL, RE-
LATOR, v. HANSON M. GRIMES, DISTRICT JUDGE, RE-
SPONDENT.

FILED OCTOBER 16, 1915. No. 19369.

Statutes: CONSTRUCTION. "In the exposition of statutes, the reason
and intention of the lawgiver will control the strict letter of the
law when the latter would lead to palpable injustice or absurdity."
*Kelley v. Gage County,* 67 Neb. 6.

ORIGINAL proceeding in mandamus to compel respond-
ent to provide for holding court in Arthur county. *Writ
allowed.*

*Willis E. Reed, Attorney General,* for relator.

BARNES, J.

Original action in mandamus. It appears from the pe-
tition of relator and the answer of respondent that the
legislature, by its act of 1915 (Laws 1915, ch. 12), entitled
"An act to amend section 217, Revised Statutes of Ne-
braska for 1913, relating to apportionment of judicial dis-
tricts, and to repeal said original section," omitted the
name of the county of Arthur as included within the thir-
teenth judicial district, and failed to include that county
in any of the other judicial districts of this state, and
the respondent has refused to designate a time for holding
any term or terms of court in that county, for the sole
reason of the doubt as to whether or not he has jurisdiction
so to do. The relator asks for a peremptory writ of man-
damus requiring the respondent to provide for holding
his court in said county. There is no disputed question of
fact in this case, and the only question to be determined
is whether Arthur county is a part of said judicial dis-
trict.

It appears that McPherson county, since its organiza-
tion, has been a part of the thirteenth judicial district,
and Arthur county was attached to that county for elec-

tion, judicial and revenue purposes before Arthur county was organized. In the year 1913, and since that time, it has been a part of that district. It further appears that the legislature of 1915, by its passage of the act above mentioned, sought simply to change the boundaries of judicial districts numbered 8 and 9, and provide for two judges in the last-named district. It sufficiently appears that this was the sole purpose of the act of 1915. The fact that no mention of Arthur county was made in that act did not exclude it from the operation of the laws or judicial authority of the state, and, since it was not the purpose of the legislature to remove it from the district, it is still to be considered as within its boundaries. "In the exposition of statutes, the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice or absurdity." *Kelley v. Gage County*, 67 Neb. 6. See *State v. Taylor*, 90 Kan. 438.

For the foregoing reasons, the peremptory writ is allowed.

WRIT ALLOWED.