FISH CREEK PARK COMPANY, Appellant, vs. VILLAGE OF BAYSIDE, Respondent.

*December 7, 1956—January 7, 1957.*

534

For the appellant there was a brief by *H. O. Wolfe* and *Wolfe, O'Leary & Kenney* of Milwaukee, and oral argument by *H. O. Wolfe.*

For the respondent there was a brief and oral argument by *Suel O. Arnold* of Milwaukee.

BROADFOOT, J. Upon this appeal the plaintiff does not argue the merits of its first two objections. Apparently it is satisfied that the ruling of the trial court thereon was correct. Plaintiff states the question to be resolved here as follows:

"Does the annexation ordinance to all intents and purposes make the area in question an integral part of the village of Bayside so that it, like the balance of the village, would be considered as part of the Nineteenth assembly district, and, therefore, invalid for an assembly district may not be divided by a county line?"

The basis of the plaintiff's argument that the annexation ordinance is invalid is the following language from *Slauson v. Racine,* 13 Wis. *398, *403:

"We are therefore of the opinion that it is competent for the legislature to change incidentally the boundaries of assembly districts, in exercising its power to change the limits of cities, towns, etc.; and that if a part of a town in one district is annexed to a city which constitutes another, unless there be some exception or reservation in the law itself, *it becomes a part of such city for all purposes for which the legislature could annex it. So that the previous law constituting that city an assembly district would apply to everything that became absolutely a part of it,* just as an incumbrance upon land attaches to subsequent improvements upon it, which become a part of the realty." (Emphasis supplied.)

Prior to the enactment of the annexation ordinance by the village said village by name had been included in the Nine-

teenth assembly district of Milwaukee county. Because of the above-quoted language from the *Slauson Case,* the plaintiff contends that as a result of the annexation proceedings, if valid, the territory annexed would become an integral part of the village for all purposes and therefore it would necessarily become a part of the Nineteenth assembly district. As a result thereof the Nineteenth assembly district would be divided by the county line between Milwaukee and Ozaukee counties. Further, the plaintiff alleges that a municipality is without right or authority to effect an apportionment changing assembly district lines and that even the legislature may reapportion only once after each federal census is taken.

The arguments of the plaintiff might be persuasive if the language quoted from the *Slauson Case* were applicable. In that case this court was concerned with ch. 83 of the Private and Local Laws of Wisconsin for 1856. That act changed the boundaries of the city of Racine as established by an act of the legislature approved August 8, 1848, and acts amendatory thereof, by including within the boundaries of said city certain lands in an adjoining town.

Because of the separation of powers of our system of government the legislative power of the state is, by our constitution, vested in the state legislature. (Sec. 1, art. IV, Const.) That power is very broad and is only limited by the provisions of the state and federal constitutions. Within that general legislative power was clearly embraced the power to create municipalities and to alter their boundaries. Prior to 1892 the legislature exercised this power and by legislative enactment altered the boundaries of many municipalities. However, in 1892, the state constitution was amended to prohibit the legislature from enacting special laws involving the incorporation of any city or village or amending the charter of any city or village. (Sec. 31 (9), art. IV.) Thereafter the legislature broadened the annexing power of cities and villages and since that time annexations have been accom-

plished by municipal ordinances enacted pursuant to legislative authority. (Secs. 62.07 and 61.185, Stats.) Although vested with the legislative power, the legislature may delegate some of its powers as to matters of purely local concern to municipalities. By sec. 3, art. IV, apportionment of senate and assembly districts is made the duty of the legislature. It is a matter of state-wide concern and one that the legislature cannot delegate to municipalities. Reapportionment has been accomplished by acts of the legislature and no municipality can nullify a law enacted by the legislature.

In the *Slauson Case, supra,* this court held that where the territory of a city is enlarged by including within its boundaries certain lands from an adjoining town, such territory became a part of such city for all purposes for which the legislature could annex it. In the present case the legislature did not act. Paraphrasing the language of the *Slauson Case,* the annexed area becomes a part of the village of Bayside for all purposes for which the village could annex it. The village had no authority to change the county line or the assembly-district line. Therefore, its annexation ordinance can be given no such effect.

In the case of *Greenfield v. Milwaukee,* 273 Wis. 484, 78 N. W. (2d) 909, the town of Greenfield challenged the validity of annexation proceedings by the city of Milwaukee. In that case, among other contentions, the town argued that the constitution was violated because by the ordinance of annexation the city of Milwaukee had changed the area annexed from the legislative district which embraced the town to the district in which the city ward to which the annexed land was joined was embraced, and such a change was a function of the legislature alone and one that could not be delegated. In answer to that argument we said (p. 489):

"Another immediate answer to the town's argument is that the effect of its argument, if good, would only render void the changed boundaries of the legislative districts. It

would not invalidate the annexation, which is the question now before us."

That determines the question before us. We affirm the trial court's determination that the annexation proceedings were valid and that the annexed area in the town of Mequon remains a part of the Ozaukee county assembly district. Provision will have to be made by the village so that persons residing in the annexed area may vote for candidates for the assembly in the Ozaukee county district.

*By the Court.*—Judgment affirmed.