HERBERT F. BULLER ET AL., APPELLANTS, V. CITY OF OMAHA, A MUNICIPAL CORPORATION OF THE METROPOLITAN CLASS, ET AL., APPELLEES.

82 N. W. 2d 578

Filed April 19, 1957. No. 34167.

*George B. Boland, Harry B. Otis,* and *A. Clark Murdock,* for appellants.

*Edward F. Fogarty, Eugene F. Fitzgerald, John C. Burke, Bernard E. Vinardi, Neal H. Hilmes,* and *Irving B. Epstein,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiffs, Herbert F. Buller, Robert F. Clauss, Max E. Freeman, and Robert E. Wear, for themselves and others similarly situated, brought ·this action against defendants, City of Omaha, a municipal corporation of the metropolitan class located in Douglas County, its named mayor, and city councilmen, the named county commissioners, county clerk, and county assessor of Douglas County, and the named treasurer of said city and county, seeking to have annexation ordinance No. 18906, enacted by the city council, declared to be unconstitutional and void as in violation of Article III, section 5, Constitution of Nebraska. In such respect, plaintiffs' theory was that

"although otherwise lawful," the ordinance allegedly changed the territorial boundaries of legislative districts Nos. 9 and 10 in which the annexed lands lie. Plaintiffs also sought to enjoin enforcement of said ordinance and obtain general equitable relief. Defendants filed general demurrers to plaintiffs' petition, which the trial court sustained. Thereupon plaintiffs elected to stand upon their petition and, having refused to further plead, the trial court dismissed their petition. Thereafter, plaintiffs' motion for new trial was overruled and they appealed, assigning that the trial court erred in sustaining defendants' demurrers and dismissing their petition. We conclude that the assignment has no merit.

Plaintiffs' petition may be summarized as follows: They alleged that plaintiffs were residents of Douglas County and owners in possession of real estate within the area described in annexation ordinance No. 18906, a copy of which was attached to and made a part of their petition, and that this action was brought on behalf of themselves and all other persons similarly situated.

They alleged that defendant city of Omaha was a city of the metropolitan class, located in Douglas County, and that the other named defendants were respectively mayor and city councilmen of Omaha, county commissioners, county clerk, and county assessor of Douglas County, and treasurer of Douglas County and the city of Omaha. They alleged that said city is governed by a home rule charter under the Constitution and laws of Nebraska, which charter, with the exception of immaterial amendments, is found in Chapter 14, R. R. S. 1943, wherein the sections relating to the power and authority of defendant city and its council in the matter of extending its corporate limits by annexation of territory will be found.

Plaintiffs alleged that on July 3, 1956, defendant city council purported to pass annexation ordinance No. 18906; that defendants and each of them contend that said ordinance was duly passed and is a valid and sub-

sisting ordinance of defendant city; and that unless restrained and enjoined, they will enforce same upon the area therein described, and such area will be considered and dealt with as a part of the city of Omaha.

Plaintiffs' petition then recited the provisions of Article III, section 5, Constitution of Nebraska, and alleged that pursuant thereto the Nebraska State Legislature at its 1935 session enacted applicable section 5-104, R. R. S. 1943, which divided the State of Nebraska into 43 legislative districts, each consisting of certain described territory, and provided that each legislative district should be entitled to one member.

Thereafter, plaintiffs recited the provisions of said section, which legislatively described the territory included in legislative districts Nos. 9 and 10, and alleged that purported ordinance No. 18906 violated the integrity of such legislative districts by changing the corporate limits of the city of Omaha between Pacific Street and Howard Street, and between Pacific Street and Charles Street, and in so doing, it changed the territorial boundaries of legislative districts Nos. 9 and 10 in direct violation of Article III, section 5, Constitution of Nebraska, and laws of the state, which deprived plaintiffs of the right to vote for the legislative candidate for legislative district No. 10, a privilege theretofore enjoyed by them.

In Cacek v. Munson, 160 Neb. 187, 69 N. W. 2d 692, we reaffirmed that: "A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact.

"In passing on a demurrer to a petition, the court will consider an exhibit attached thereto and made a part thereof, if the allegations stated therein either aid the petition in stating a cause of action or charge facts going to avoid liability on the part of the defendant."

The exclusive mandate requiring the Legislature to divide the state into legislative districts and prescribing

the time and manner of their creation is found in Article III, section 5, Constitution of Nebraska, which provides as follows: "At the regular session of the Legislature held in the year nineteen hundred and thirty-five the Legislature shall by law determine the number of members to be elected and divide the state into Legislative Districts. In the creation of such Districts, any county that contains population sufficient to entitle it to two or more members of the Legislature shall be divided into separate and distinct Legislative Districts, as nearly equal in population as may be and composed of contiguous and compact territory. After the creation of such districts, beginning in nineteen hundred and thirty-six and every two years thereafter, one member of the Legislature shall be elected from each such District. The basis of apportionment shall be the population excluding aliens, as shown by next preceding federal census. In like manner, when necessary to a correction of inequalities in the population of such districts, the state may be redistricted from time to time, but no oftener than once in ten years."

Pursuant to that concededly exclusive power and authority, the Legislature proceeded to divide the state into legislative districts by enacting Laws 1935, chapter 109, section 1, page 350, which is now section 5-104, R. R. S. 1943.

As here involved, that section provides: "District No. 9. Includes the following territory in the county of Douglas and the city of Omaha: North from Pacific to Howard, between the western corporate limits and 60th Street; north from Pacific to Dodge, between 56th and 60th Streets; north from Pacific to Charles, between the western corporate limits and 56th Avenue; north from Leavenworth to Charles, between 46th Avenue and 36th Street; north from Leavenworth to Cuming, between 30th and 36th Streets; north from Leavenworth to Farnam, between 30th and Park Avenue.

"District No. 10. Includes the following territory in

the county of Douglas and the city of Omaha: North from Charles to Blondo, between western corporate limits and 49th Street; north from Blondo to Lake, between 66th Street and 50th Street; all north of Lake between 72nd Street and 48th Street; and all of the rural precincts."

Annexation ordinance No. 18906, as authorized by section 14-117, R. R. S. 1943, extended the corporate limits of the city of Omaha over certain extensively described lands in Douglas County. It incorporated such lands into and made same a part of the city of Omaha, and repealed any and all ordinances insofar as they conflicted with that ordinance. Its provisions are too verbose to recite in this opinion. It is sufficient for us to say that its provisions made no reference whatever to and in no manner attempted either directly or indirectly to change the boundaries of territory legislatively included in the legislative districts as prescribed aforesaid by section 5-104, R. R. S. 1943.

We find no essential connection between annexation ordinance No. 18906 and section 5-104, R. R. S. 1943, which defines and fixes the territory included in legislative districts Nos. 9 and 10. Any reference in the latter to "corporate limits" is simply descriptive and casual but fixes their permanent legislative territorial boundary lines. To hold otherwise would require us to read into section 5-104, R. R. S. 1943, a legislative intention to bar annexation under previously enacted section 14-117, R. R. S. 1943, beyond the lines at which the "corporate limits" form a common boundary. We find no such legislative intention. The two statutes are not conflicting but may be harmonized by logically concluding that the Legislature had no intention by using the expression "corporate limits" to limit the annexation statutes beyond any possibility of reasonable operation which would lead to palpable injustice or absurdity. In Kelley v. Gage County, 67 Neb. 6, 93 N. W. 194, affirmed on rehearing at 67 Neb. 11, 99 N. W. 524, and

reaffirmed in State ex rel. Reed v. Grimes, 98 Neb. 762, 154 N. W. 544, this court stated the applicable rule as follows: "In the exposition of statutes, the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice or absurdity."

Article III, section 5, Constitution of Nebraska, requires that legislative districts shall be "separate and distinct." Those words require that the boundaries of a legislative district shall be fixed boundaries and the only manner in which such boundaries can be changed is by legislative action and then "no oftener than once in ten years." Therefore, when the Legislature fixed the boundary lines of legislative district No. 9 in part as "North from Pacific to Howard, between the western *corporate limits* and 60th Street" (italics supplied) in the city of Omaha, and the boundary lines of legislative district No. 10 in part as "North from Charles to Blondo, between western *corporate limits* and 49th Street" (italics supplied) in the city of Omaha, they must be construed to mean the corporate limits of the city as they existed at the time of the adoption of section 5-104, R. R. S. 1943, until further appropriate action is taken by the Legislature as authorized by Article III, section 5, Constitution of Nebraska. In other words, the boundaries of legislative districts Nos. 9 and 10 in Douglas County and the city of Omaha must remain as originally established until changed by the Legislature in the manner provided by Article III, section 5, Constitution of Nebraska, and they cannot be changed or affected in any manner by any changes in the corporate limits of the city of Omaha by its annexation ordinances.

As stated in 50 Am. Jur., Statutes, § 236, p. 224: "Because it is easy to be wise after one sees the results of experience, there is always a tendency, it has been said, to construe the language of a statute in the light in which it appears when the construction is given. Such an approach to the question is erroneous. Since, in de-

termining the meaning of the terms of a statute, the aim is to discover the connotation which the legislature attached to the words, phrases, and clauses employed, the words of a statute must be taken in the sense in which they were understood at the time when the statute was enacted, and the statute must be construed as it was intended to be understood when it was passed." That statement has application here.

Issues comparable with those presented in the case at bar were raised and like conclusions were reached in the recent case of Fish Creek Park Co. v. Village of Bayside (Wis.), 80 N. W. 2d 437. In that opinion, quoting from Town of Greenfield v. City of Milwaukee, 273 Wis. 484, 78 N. W. 2d 909, the court said: " 'Another immediate answer to the Town's argument is that the effect of its argument, if good, would only render void the changed boundaries of the legislative districts. It would not invalidate the annexation, which is the question now before us.' " Thereafter, the opinion went on to say: "That determines the question before us. We affirm the trial court's determination that the annexation proceedings were valid and that the annexed area in the town of Mequon remains a part of the Ozaukee county assembly district. Provision will have to be made by the village so that persons residing in the annexed area may vote for candidates for the assembly in the Ozaukee county district."

That precedent has logical application here. By analogy, ordinance No. 18906, which is otherwise concededly valid, is not unconstitutional as in violation of Article III, section 5, Constitution of Nebraska, because the territory thereby annexed to the city of Omaha remains a part of the legislative districts prescribed by section 5-104, R. R. S. 1943. Lawful provision will have to be made so that persons residing in such annexed territory may vote for legislative candidates in such districts. In that connection, authorities relied upon by plaintiffs are entirely distinguishable upon the facts,

applicable statutes, and constitutional provisions unlike our own.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is affirmed. All costs are taxed to plaintiffs.

AFFIRMED.