*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSHUA SHAQUILLE MOORE,

Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No. 349879
Wayne Circuit Court
LC No. 19-000118-01-FH

Before: RONAYNE KRAUSE, P.J., and RIORDAN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, possession of ammunition by a person convicted of a felony (felon in possession of ammunition), MCL 750.224f(6), carrying a concealed weapon (CCW), MCL 750.227, and two counts of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced, as third-offense habitual offender, MCL 769.11, to concurrent terms of one to five years' imprisonment for his felon-in-possession conviction, 1 to 10 years' imprisonment for his felon in possession of ammunition conviction, and 1 to 10 years' imprisonment for his CCW conviction, to run consecutively with sentences of five years' imprisonment for each of his two felony-firearm convictions, which run concurrently with each other. We affirm, but remand to the trial court to amend defendant's judgment of sentence such that his CCW sentence runs concurrently to his two felony-firearm sentences.

## I. FACTUAL BACKGROUND

This case arises from a traffic stop effectuated by Michigan State Police Troopers in response to a report that gunshots had been fired. Detroit Police Officer John Kiousis and his partner arrived as backup shortly after the traffic stop had already been made. According to Officer Kiousis, when he approached the vehicle in question, he saw defendant sitting in the rear passenger seat of the vehicle. He explained that the Troopers were handling the two individuals in the front seats, and he approached the rear passenger seat simply because he was closest to that part of the vehicle. Officer Kiousis testified that defendant was sitting with his hands up, and when Officer

Kiousis opened the door, he "observed a pistol between and slightly ahead of [defendant's] feet on the ground." Officer Kiousis removed defendant from the vehicle, placed defendant in handcuffs, and performed a pat-down search. The pat-down search revealed that defendant had a holster made from Kydex, a rigid plastic. Officer Kiousis explained that such holsters were molded to match a specific gun model, which would "click[] into it." Officer Kiousis also retrieved the pistol, which proved to be a loaded Glock model 43. The holster found on defendant matched the pistol found in the vehicle.

Officer Kiousis explained that the pistol had been in plain sight and within defendant's reach, although he conceded that defendant would not have been able to do so with his hands up unless "he wanted to risk getting shot." Officer Kiousis stated, without further explanation, that the holster had been found "on [defendant]'s person on his left side." During opening argument, the prosecutor advised the jury that it would "hear testimony that [defendant] had the matching holster to that gun on his left side in his jacket." A portion of Officer Kiousis's body-camera video was played for the jury. Although it is not clear how much of the video was played, we have reviewed the video, and it clearly reveals that at 00:06:34, Officer Kiousis reached into defendant's left pants pocket and retrieved the holster, which contained loosely crumpled dollar bills. The holster clearly had a belt clip, but later in the video it became apparent that defendant was wearing poorly-fitted drooping sweatpants (or similar trousers that used a drawstring rather than a belt). The pistol, holster, and ammunition were all admitted into evidence.

The people presented testimony only from Officer Kiousis. After the people rested, defendant was sworn in outside the presence of the jury, and he testified that he agreed with his trial counsel's recommendation not to testify. During closing argument, defense counsel pointed out that possession of a holster was not illegal, and it made little sense for someone to dump the gun but hold onto the holster. Defense counsel also pointed out that there were no fingerprints tested and there was no testing for gunshot residue. On rebuttal closing argument, the prosecutor agreed that it was not illegal to possess a holster, but that it made little sense to have a holster that matched the gun but not to have the gun. During deliberations, the jury sent a note asking "how was the holster attached to the defendant (physically)?" With the consent of both parties, the trial court instructed the jury to "rely on your collective memory of the officer's testimony." The jury convicted defendant as described.

After defendant was convicted and sentenced, he filed an appeal with this Court. He then filed a motion to remand, asking this Court to remand the case to the trial court for an evidentiary hearing regarding defendant's ineffective assistance of counsel claim. A panel of this Court denied defendant's motion to remand for failure to persuade the Court of the necessity of a remand at that time. *People v Moore*, unpublished order of the Court of Appeals, entered October 23, 2020 (Docket No. 349879). However, the panel denied the motion without prejudice to a case call panel of this Court later determining that remand was necessary. *Id*.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he received ineffective assistance of counsel as a result of defense counsel's failure to present evidence regarding where exactly on defendant's person the holster was located. We disagree.

Because no evidentiary hearing on this matter has been held, our review is generally limited to mistakes apparent from the record. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). However, the issue was preserved by defendant's motion in this Court to remand for an evidentiary hearing. *People v Abcumby-Blair*, ___ Mich App ___, ___: ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8. Although this Court denied defendant's motion, this Court may determine after plenary review that it would be appropriate to remand for an evidentiary hearing. *People v Smith*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 346044, decided February 18, 2021), slip op at p 10. We will consider materials submitted on appeal for the purpose of determining whether such a remand would be appropriate, irrespective of whether those materials were part of the lower court record. *People v Moore*, 493 Mich 933, 933; 82 NW2d 580 (2013).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). A trial court's findings of fact are reviewed for clear error and questions of law are reviewed de novo. *Id*. "[D]efendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Trial counsel is presumed to have engaged in sound trial strategy. *Id*. at 52. Counsel's decisions should be reviewed without, insofar as possible, " 'the distorting effects of hindsight.' " *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995), quoting *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), quoting *Strickland*, 466 US at 694.

Defendant argues, in essence, that counsel should have made clear to the jury that the holster was in his pocket at the time of his arrest, rather than being worn. He also argues that he told his trial counsel that he wanted to testify at trial to explain that he was not wearing the holster, and instead the holster was "serving as a pill bottle" and being used to hold "some pills that he and his companions were sharing." Because defendant expressly testified under oath that he agreed with trial counsel's strategic decision not to testify, the latter argument is waived. *People v Simmons*, 140 Mich App 681, 685; 364 NW2d 783 (1985). Furthermore, trial counsel relied during closing argument on the fact that it made little sense for defendant to have retained the holster but not the gun, and counsel could have concluded that defendant's testimony would have opened the door to more damaging testimony. Given that the holster was specifically fitted to the gun, we think that such a risk would have been a serious one. Consequently, we cannot conclude that counsel's advice against defendant testifying was unsound trial strategy. See *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). The argument regarding the specific location of the holster is a much closer one, however, because that information could have been elicited from Officer Kiousis on cross-examination.

We note that defendant was previously tried for the same charges in a trial that ended with a hung jury, and the testimony at that trial clearly emphasized that the holster was in his pocket. Furthermore, as noted, a review of the body-camera recording plainly establishes that the holster was, in fact, found in defendant's pocket. The record unfortunately does not establish how much of the body-camera video was actually played for the jury. From a review of the transcripts of defendant's first trial, at that time the video was likely played through the recovery of the holster

from defendant's pocket. No similar inference can be drawn from the transcript of the trial now being appealed. The only hint we can be certain was communicated to the jury about the location of the holster occurred during opening argument, which is not evidence. The note sent by the jury during deliberations suggests that the jury found the question significant and did not know the answer. We are unable to say that the absence of explicit testimony regarding the specific location of the holster was harmless.

Nevertheless, the fact that a trial strategy is unsuccessful does not necessarily mean it was unsound. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001). During closing argument, trial counsel commented that it was not illegal for defendant to be near a gun "or to have a holster on him, or a holster at his side where ever the holster was located." We infer that counsel was therefore aware that, unlike during the previous trial, no evidence had been introduced of specifically where the holster had been found. Therefore, counsel seemingly made a strategic decision not to seek clarification. Notably, counsel could not have known ahead of time that the jury would be particularly interested in the location of the holster. As the prosecution emphasized, the holster was not just any holster, but in fact was specifically designed to match the gun that was found, so counsel could reasonably have concluded that it would be better not to draw greater attention to the holster. The fact that defendant testified under oath that he agreed with counsel's strategy further suggests that the decision seemed reasonable without the benefit of hindsight. Indeed, counsel could reasonably have simply not regarded the location of the holster as being important given its match to the gun, the fact that some holsters are designed to fit into pockets rather than to be worn, and the fact that defendant was not wearing a belt.

Although we conclude that there was a reasonable probability the outcome might have differed, we are unable to conclude that counsel's decision not to clarify the location of the holster was an unsound strategic decision at the time it was made. Because a claim of ineffective assistance of counsel requires the establishment of *both* an objectively unsound strategy and a reasonable probability that the outcome would have differed, *Trakhtenberg*, 493 Mich at 51, we must reject defendant's claim of ineffective assistance of counsel. Moreover, because we have considered his offer of proof on appeal, we cannot conclude that there would be any benefit to remanding for an evidentiary hearing.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution presented insufficient evidence for the jury to find him guilty of both counts of felony-firearm beyond a reasonable doubt. We disagree.

Defendant does not literally claim there was insufficient evidence to support the elements of his felony-firearm convictions. Rather, defendant presents a legal argument that his felony-firearm convictions may not be predicated upon the crimes of felon in possession of a firearm or felon in possession of ammunition. We will address this issue based on its substance, rather than the way in which it was entitled. See *Hartford v Holmes*, 3 Mich 460, 463 (1855); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011).

We therefore need only observe that our Supreme Court has held that the Legislature enumerated specific felonies to be excluded from serving as predicates for felony-firearm, and that enumeration is exclusive. *People v Mitchell*, 456 Mich 693, 697-698; 575 NW2d 283 (1998).

Neither felon in possession of a firearm nor felon in possession of ammunition are so enumerated. As defendant recognizes, our Supreme Court subsequently held that a defendant may be subject to cumulative punishments for felon in possession and felony-firearm. *People v Calloway*, 469 Mich 448, 451-452; 671 NW2d 733 (2003). Defendant is entitled to preserve his argument and seek review from our Supreme Court, but we are bound to follow our Supreme Court's decisions. *Pellegrino v AMPCO Sys Parking*, 486 Mich 330, 352-354; 785 NW2d 45 (2010). We therefore reject defendant's legal challenge to his felony-firearm convictions, and, as noted, defendant does not argue that the evidence was otherwise actually insufficient.

## IV. CONSECUTIVE SENTENCING

Defendant argues the trial court clearly erred by ordering him to serve his felony-firearm sentences consecutively with his CCW sentence because the CCW conviction did not—and could not—serve as the predicate felony underlying either felony-firearm conviction. The prosecution concedes this point.[1] We agree.

"Whether a consecutive sentence may be imposed is a question of statutory interpretation that [this Court] review[s] de novo." *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017). "A trial court may only impose a consecutive sentence if specifically authorized by statute." *Parker*, 319 Mich App at 415. Pursuant to MCL 750.227b(3), a felony-firearm conviction may be consecutive to "the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony." Therefore, a felony-firearm sentence may only be consecutive to its own predicate offense. See *People v Coleman*, 327 Mich App 430, 436-442; 937 NW2d 372 (2019).

The trial court ordered defendant to serve his felony-firearm sentences consecutively with his CCW sentence. However, the only charges underlying each felony-firearm charge were felon-in-possession and felon in possession of ammunition, respectively. Moreover, CCW is one of the enumerated offenses excluded from being a predicate offense for felony-firearm. MCL 750.227b. The trial court therefore erred in making defendant's CCW and felony-firearm sentences consecutive. As noted, the prosecution expressly concedes that defendant is entitled to amendment of his sentences so that his CCW sentence is concurrent with his felony-firearm convictions.

We affirm defendant's convictions. However, we remand to the trial court to amend defendant's judgment of sentence such that his CCW sentence runs concurrently, not consecutively, to his two felony-firearm sentences. We otherwise affirm defendant's sentences.

/s/ Amy Ronayne Krause
/s/ Michael J. Riordan
/s/ Colleen A. O'Brien

---

[1] In light of the prosecutor's concession of error, we dispense with consideration of whether this issue was preserved in the trial court. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002).