Lawrence H. Cooke, J.
In this article 78 proceeding, petitioner, the widow of a retired member of the Police Department of the City of Albany, applies for an order directing respondents, as trustees of the Police Pension Fund of said city, to place her name on its pension rolls at an annual pension of $900 and to pay said sum each year from the date of her husband’s death. Respondents have not answered but have moved to dismiss the petition on the grounds that it does not state facts sufficient to constitute grounds for the relief sought, that the court does not have jurisdiction to grant said relief and that the application is not timely.
It appears from the petition that Rollin J. Burton, the husband, became a member of the said department in 1925, was released and retired from same in 1946 and thereafter received a yearly pension of $1,155 until his death in 1962.
Local Law No. 1 of 1940 of the City of Albany provided in part as follows:
“ | 4. The commissioner of police shall have the power to retire from service in the police department, any officer or member thereof who may be found on examination by the surgeon of the department disqualified, physically or mentally, for the performance of his duties, and the treasurer of the pension fund shall grant pensions as hereinafter provided to such member, or to the widow, and/or children of such member who may be entitled thereto, as follows:
* * *
“ (2) To any member of the police department who whilst in the actual performance of duty and by reason of the performance of such duty and without fault or misconduct on his part shall have become permanently disabled, through injuries received, so as to be unfitted to perform full police duty; and the trustees of the fund shall place upon the pension roll of the pension fund an award and grant to be paid such member, from such police pension fund, an annual pension during his lifetime of one-half of the salary of such member so retired.
“ (3) The commissioner of police may release and retire from the police department any member upon a certificate of the police surgeon showing that such member of whatever age who has served twenty years continuously, is permanently disabled, physically or mentally, so as to be unfit for duty; and the treasurer of the fund shall place upon the pension roll of the pension fund an award and grant to be paid from such police pension fund, an annual pension during his life-time of one-half of the full salary or compensation of such member so retired.”
*52 It will be noted that no provision was made therein for widows of the members mentioned, but on January 7, 1952 Local Law No. 1 of 1952 was passed by the Common Council of the City of Albany, effective February 21, 1952, amending subdivisions 2 and 3 of section 4 of said Local Law No. 1 of 1940.
The following was added to subdivision (2): “after the death of such member there shall be paid to his wife surviving him, the sum of nine hundred dollars ($900.00) per year, provided the said wife was married to said member at the time the disability occurred; and said payments shall continue during her natural life or until she remarries ”.
The following was added to subdivision (3): “after the death of such member there shall be paid to his wife surviving him the sum of nine hundred dollars ($900.00) per year, provided the said wife was married to said member at the time of his retirement by reason of disability, as aforesaid ”.
In 1952 section 1 of article VIII of the State Constitution provided: “No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual ”; and section 10 of article IX thereof directed that: ‘ ‘ The legislature shall not, nor shall the common council of any city, nor any board of supervisors, grant any extra compensation to any public officer, servant, agent or contractor.”
However, section 8 of article VII of the State Constitution, as amended and approved November 6, 1951 and effective January 1, 1952, provided in part: “ Subject to the limitations on indebtedness and taxation, nothing in this constitution contained shall prevent the legislature from providing * * * for the increase in the amount of pensions of any member of a retirement system of the state, or of a subdivision of the state.” The use of the word “ legislature ” is noted. Said constitutional section as amended was implemented by the enactment of the Supplemental Pension Act (L. 1952, ch. 319), effective March 28, 1952, which authorized and empowered any municipality to adopt and amend a local law providing for monthly supplemental pension payments to local retired employees as therein defined. It will be noted that said section of the Constitution as amended and said implementing legislation, as originally enacted, made no mention of increases of pension benefits for widows and dependents of a member of a pension system. (Said Supplemental Pension Act, as variously amended, is now set forth as Retirement and Social Security Law, art. 4.)
Of significance to the problems presented here, said section 1 of article VTII of the State Constitution was amended in 1959, *53 effective January 1, 1960, so as to provide: “ Subject to the limitations on indebtedness and taxation applying to any county, city, or town, nothing in this constitution contained shall prevent a county, city or town * * * from increasing the pension benefits payable to retired members of a police department or fire department or to widows, dependent children or dependent parents of members or retired members of a police department or fire department.”
It is clear that the constitutional provisions in effect at the time of the adoption and effective date of Local Law No. 1 of 1952 prohibited the increase of pension benefits to petitioner’s husband in the form of a pension for his widow by the Common Council of the City of Albany (People ex rel. Roth v. Kane, 256 N. Y. 684). Extra compensation is compensation over and above that fixed by contract or by law when the services were rendered (Matter of Mahon v. Board of Educ., 171 N. Y. 263, 266-267). Pensions given in consideration of services not fully recompensed when rendered are not gifts of public funds; they are in effect pay withheld to induce long, continued and faithful service (Matter of Bergerman v. Murphy, 278 App. Div. 388, 392, affd. 303 N. Y. 762). But here, the services of the husband were completed in 1946, so that any compensation or pension added after that time were not in consideration of services not fully recompensed when rendered and were not pay withheld to induce the continued service of the husband; they would have been gifts or extra compensation not permitted constitutionally at that time.
Furthermore, the general rule is that statutes are to be construed as prospective only and that it takes a clear expression of the legislative purpose to justify a retroactive application (Matter of Container Co. [Corsi], 298 N. Y. 277, 279). Here, there is nothing in the enactment itself to justify a retrospective application of the 1952 Local Law.
We come to the basic question presented, as to whether the 1959 amendment to section 1 of article VIII of the Constitution validated the amending provisions of the 1952 Local Law in such a way as to be applicable to and operative for the benefit of petitioner.
First of all, it is a general rule of construction that constitutional provisions, as well as statutes, are to be construed as prospective only unless a clear expression of intent to the contrary is found (Matter of Ayman v. Teachers’ Retirement Bd., 9 N Y 2d 119, 125; 1 Cooley, Constitutional Limitations [8th ed.], p. 136) and no such contrary intention is expressed in the amendment in question. Secondly, while statutes in *54 conflict with the Constitution are validated by a constitutional amendment which expressly or impliedly ratifies and confirms them, provided such validation does not impair the obligations of a contract or divest vested rights, an unconstitutional statute is not validated by a subsequent constitutional amendment which does not ratify and confirm the statute but merely authorizes the enactment of such a statute (Porto Rico Brokerage Co. v. United States, 80 F. 2d 521, 522, cert. den. 298 U. S. 671; 171 A. L. R. 1070, 1072-1073; 16 C. J. S., Constitutional Law, § 45, p. 140; 12 C. J., pp. 1091-1092). There is nothing-in the amendment to section 1 of article VIII which expressly or impliedly ratifies or confirms the Local Law of 1952. This is borne out by the abstract of the Department of State regarding said amendment which reads in part as follows: ‘ ‘ The purpose and effect of the amendment to the second paragraph is to authorise a county, city or town to increase the pension benefits payable to retired members of a police department or fire department or to widows, dependent children or dependent parents of members or retired members of a police department or fire department.” (Emphasis supplied.) Its prospective nature is also indicated by a note appended to chapter 265 of the Laws of 1960, “ An act to amend the retirement and social security law and the general city law, in relation to the power of municipalities to increase pension payments for widows and certain dependents of policemen and firemen ”, said note reading as follows:
‘ ‘ This act implements the amendment to Article VIII, § 1 of the Constitution, effective January 1, 1960, which provides that £* * * nothing in this constitution contained shall prevent a county, city or town * * * from increasing the pension benefits payable to retired members of a police department or fire department or to widows, dependent children or dependent parents of members or retired members of a police department or fire department.’ It is to be noted that the constitutional language does not extend to villages and that it is phrased in terms of ‘ increasing # * * pension benefits payable.’
“ Prior to the adoption of this amendment to Article VTII, § 1, municipalities were authorized to increase pension benefits payable to policemen and firemen. Such authorization was by amendment of Article VII, § 8 of the Constitution, effective January 1, 1952, as implemented by the ‘ Supplemental Pension Act ’ (Article 4, of the Retirement and Social Security Law). The 1952 amendment, however, did not authorise increases in pension benefits for widows or dependents of a member of a *55 pension system; such increases continued, to be considered gifts, which municipalities were prohibited from making by the terms of Article VIII, § 1.
‘ ‘ Inasmuch as increases in pension benefits for policemen and firemen already have been authorized, this act provides only for increases by counties, cities or towns of pension benefits for the widows, dependent children or dependent parents of policemen or firemen” (emphasis supplied). (See, also, 15 Op. State Comp., 1959, p. 285.)
Should it be contended that the 1952 Local Law was retroactive in nature, as well as prospective, and therefore void, it might be well to point out that a statute may be unconstitutional insofar as it purports to operate retrospectively or to have retroactive application to past contracts (see Ñ. Y. Const., art. V, § 7) and yet be valid and constitutional in other respects and as applied to future cases (Jaehne v. New York, 128 U. S. 189; Purdy v. Erie R. R. Co., 162 N. Y. 42, 48, writ of error dsmd. 185 U. S. 148; Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270, 278-279; People v. O’Neil, 109 N. Y. 251, 262; People ex rel. New York, N. H. & H. R. R. Co. v. Public Serv. Comm., 159 App. Div. 531, affd. 215 N. Y. 689). It is also a general rule that it is the duty of courts in construing a statute which is reasonably susceptible of two constructions, one of which would render it unconstitutional and the other valid, to adopt that construction which saves its constitutionality (Matthews v. Matthews, 240 N. Y. 28, 34-35).
In summary, Local Law No. 1 of 1952 of the City of Albany was prospective and not retrospective in operation; it did not apply to Rollin J. Burton, or his widow, since he had retired and ceased rendering his services approximately six years previous thereto. If it had applied to said individual and his widow, it would have been in that respect violative of certain then existing sections of the State Constitution; and the 1959 amendment to section 1 of article VIII thereof did not change the situation in regard to petitioner as it too was prospective in operation. Petition dismissed.