TERRY CARPENTER, PLAINTIFF, v. STATE OF NEBRASKA ET AL., DEFENDANTS.

139 N. W. 2d 541

Filed January 25, 1966. No. 36208.

Barney, Carter & Buchholz, for plaintiff.

Clarence A. H. Meyer, Attorney General, and Cecil A. Johnson, for defendants.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and HASTINGS, District Judge.

McCOWN, J.

This is an original action to test the validity of L.B. 925, 75th Session of the Legislature of Nebraska (Laws 1965, c. 22, p. 171), a legislative reapportionment act; and, as a necessary preliminary, to determine whether the 1962 amendment of Article III, section 5, Constitution of Nebraska, was entirely void, including its provi-

sions with respect to following county lines in legislative redistricting.

A brief background may be appropriate. At the 1961 session of the Nebraska Legislature, L.B. 217 (Laws 1961, c. 246, p. 731) was passed providing for the submission to the electors of an amendment to Article III, section 5, of the Constitution of Nebraska. The amendment was adopted at the 1962 election.

Article III, section 5, of the Nebraska Constitution, as approved by the voters at the 1962 election provides: "At the regular session of the Legislature held in the year nineteen hundred and thirty-five the Legislature shall by law determine the number of members to be elected and divide the state into legislative districts. In the creation of such districts, any county that contains population sufficient to entitle it to two or more members of the Legislature shall be divided into separate and distinct legislative districts, as nearly equal in population as may be and composed of contiguous and compact territory. After the creation of such districts, beginning in nineteen hundred and thirty-six and every two years thereafter, one member of the Legislature shall be elected from each such district. The basis of apportionment shall be the population excluding aliens, as shown by next preceding federal census. The Legislature may redistrict the state from time to time, not more often than once in ten years. In any such redistricting, county lines shall be followed whenever practicable, but other established lines may be followed at the discretion of the Legislature. In such redistricting, primary emphasis shall be placed on population and not less than twenty per cent nor more than thirty per cent weight shall be given to area."

Insofar as is relevant here, the 1962 amendment added the following provisions to the former Article III, section 5, of the Nebraska Constitution: "In any such redistricting, county lines shall be followed whenever practicable, but other established lines may be followed

at the discretion of the Legislature. In such redistricting, primary emphasis shall be placed on population and not less than twenty per cent nor more than thirty per cent weight shall be given to area." This portion constitutes the last two sentences of the section.

In 1964, the United States District Court for the District of Nebraska specifically held that: "* * * the portion of the 1962 amendment of Article III, section 5 of the Constitution of the State of Nebraska providing that not less than 20% nor more than 30% weight shall be given to area in the creation of Unicameral legislative districts * * *," violated the requirements of the equal protection clause of the Fourteenth Amendment to the United States Constitution. League of Nebraska Municipalities v. Marsh, 232 F. Supp. 411.

Meanwhile, following the adoption of the 1962 constitutional amendment, the Nebraska Legislature passed two bills in the 1963 legislative session in an attempt to redistrict, and after the above decision, passed another redistricting bill early in the 1965 session. All of these abortive legislative bills were declared unconstitutional under the equal protection clause of the United States Constitution. Thereafter, L.B. 925 of the 1965 legislative session with which we are now concerned was passed. Under its provisions, in some districts a county which does not have population sufficient to entitle it to two or more members is divided. It should be pointed out here that the United States District Court in its ruling on the earlier 1965 redistricting bill stated its conclusion: "* * * that *if county lines are to be followed* a legislature of 49 or 50 districts is an impossibility as a constitutionally valid legislative reapportionment plan." League of Nebraska Municipalities v. Marsh, 242 F. Supp. 357. In the case now before this court, no question is raised under the equal protection clause of the Fourteenth Amendment to the United States Constitution, nor is any issue raised as to whether county lines were followed whenever practicable. The

major and basic issue here then is whether *only* county lines must be followed in the establishment of legislative districts in any county that does not contain population sufficient to entitle it to two or more members of the Legislature.

The plaintiff contends that because the provision dealing with area in the last sentence of the 1962 amendment has been declared unconstitutional, the entire amendment is void; and that under the former provisions of Article III, section 5, Constitution of Nebraska, county lines must be followed except as to any county entitled to two or more members of the Legislature. It is the plaintiff's position that, in the main, the general principles governing the construction of statutes apply also to construction of constitutions; and it is argued that the rules governing legislative enactments and their interpretation and validity should, therefore, be applied to construction and determination of the validity of a constitutional provision adopted by the people. While this general rule is well accepted, it is subject to a rather important exception that constitutional provisions should receive a broader and more liberal construction than statutes, since the power dealt with in the case of constitutional provisions is original and unlimited, and in the case of legislative enactments is limited. Consequently, constitutions are not subject to rules of strict construction. See 16 Am. Jur. 2d, Constitutional Law, § 62, p. 236.

Even in the absence of any such rule, it has long been held in this state, even as to legislative acts, that: "If a portion of a legislative act is unconstitutional and it can be separated from other portions of the act and the latter enforced independent of the former, and it further appears that the unconstitutional part did not constitute such an inducement to the passage of the other parts of the law that they would not have been passed without it, the former may be rejected and the latter

upheld." Nelsen v. Tilley, 137 Neb. 327, 289 N. W. 388, 126 A. L. R. 729.

The same rule stated in slightly different fashion appears in the case of Terry Carpenter, Inc. v. Wood, 177 Neb. 515, 129 N. W. 2d 475: "When a legislative enactment in which such a declaration appears contains valid and void provisions, the valid provisions will be upheld if it is a complete law in itself, capable of enforcement and is not dependent upon that which is invalid; or, stated another way, when the invalid portions of the act are so interwoven with the rest that the act may not be operative with the void portions eliminated or where it is obvious from an inspection of the act that the invalid portion formed the inducement for the passage of the act, the whole act fails."

The plaintiff here relies upon the last portion of the above quotation, arguing that the area provision of the 1962 amendment was designed as an inducement to residents of nonurban areas to support the amendment and that the area provision was the substance and the inducement to the adoption of the 1962 amendment. The plaintiff's position is that the amendment was presented as a package and adopted as a package, and that any inducement which tainted the unconstitutional portion tainted it all. The plaintiff also is forced into the position of contending that whatever was the inducement to passage of the bill in the Legislature remained the inducement when the issue was voted on by the people. Such a position makes inducement take precedence over the determination of whether the remaining portions of a constitutional amendment are capable of enforcement separately, or are dependent upon the invalid portion, or are so interwoven that the amendment may not be operative with the unconstitutional and void provisions eliminated. We note also that there is actually no evidence as to inducement even in the Legislature with respect to the sentence dealing with county lines. It came in as a standing committee amendment. The Committee on

Enrollment and Review changed the title of the bill to reflect the specific sentence dealing with county lines, and the record of legislative debate submitted in evidence reveals nothing whatever about this sentence nor the inducement for it.

We deem it important to note the specific language placed on the ballot upon the proposition for adoption of the proposed 1962 amendment: "Constitutional amendment to provide that in redistricting of the state for legislative purposes established lines other than county lines may be followed and that primary emphasis shall be given to population with prescribed weight being given to area."

The plaintiff asks that we assume from an inspection of the amendment itself that its only purpose was to permit area to be given some weight in redistricting rather than population alone; and that since that purpose was unconstitutional, any other provisions of the amendment applying to redistricting, to which the entire amendment was addressed, must likewise be held to be void. We cannot agree.

It will be noted that in the proposal on the ballot, the provisions with respect to county lines were first and the area provisions second. It is quite clear that the sentence: "In any such redistricting, county lines shall be followed whenever practicable, but other established lines may be followed at the discretion of the Legislature," may be separated from the sentence dealing with population and area. The sentence dealing with county lines can obviously be enforced independently. The sentence is complete in itself, and it is not in any way dependent upon the invalid and unconstitutional part of the amendment nor interwoven with it, and would be operative with the void portions eliminated. Only the fact that both sentences deal with redistricting and that they were presented to the people at the same time as part of the same amendment, and as a part of the same section of the Constitution, hold them together. Where

the language and meaning of a constitutional amendment are clear, a determination of what inducements motivated voters in the adoption of the amendment ought to be outside the scope of any judicial examination. Where a constitutional amendment is duly and regularly adopted by the electorate with notice on the ballot as to two specific provisions of the amendment, the fact that one of the provisions is unconstitutional does not invalidate both, where the remaining provision is capable of enforcement alone, and is not dependent upon nor interwoven with the other, and can be operative with the void portions eliminated. Under such circumstances, a court should not inquire nor attempt to determine what inducement caused the electorate to do what it did. It has been established that each and every clause in a constitution has been inserted for some useful purpose. Mekota v. State Board of Equalization & Assessment, 146 Neb. 370, 19 N. W. 2d 633. The fact that the provision was an amendment rather than an original part of the Constitution in no sense changes that principle.

We therefore hold that Article III, section 5, of the Constitution of Nebraska, as amended in 1962, is a valid and subsisting part of the Constitution of the State of Nebraska, and in full force and effect, except the last sentence thereof, which sentence has been declared to be violative of the United States Constitution. We also hold that the provisions of Article III, section 5, of the Constitution of Nebraska, require any apportionment or reapportionment of legislative districts to be based solely on population.

We turn now to a consideration of the validity of L.B. 925 other than for reasons dependent upon the 1962 constitutional amendment. The plaintiff challenges the constitutionality of L.B. 925 upon the ground that it involves a delegation of apportionment powers. District 30 includes certain precincts in Gage County "and the City of Beatrice." Cities mentioned in other portions of the bill either lie totally within a precinct in the

same legislative district, or the bill makes reference to boundaries which are fixed by street or other boundary lines, or refers to corporate limits fixed as of a certain date. In the absence of such specific reference, the words "the City of Beatrice" would ordinarily be construed to mean the city as it existed when L.B. 925 was adopted. See Buller v. City of Omaha, 164 Neb. 435, 82 N. W. 2d 578. It is contended that the Legislature obviously did not intend the date of adoption of L.B. 925 as to Beatrice; and consequently, it constituted a delegation of power to the city to alter legislative boundaries, or deprived the city of its powers of annexation. As hereafter referred to, section 4 of the act discloses the intent of the Legislature. We construe "the City of Beatrice" to mean its corporate limits established as of April 1, 1960.

The plaintiff also contends that because of the fact that the terms of legislators are staggered, some persons residing within odd-numbered districts will be unable to vote for a legislative representative until the 1968 general election. The plaintiff contends that this deprives voters of their right to vote for their representative for a period of 2 years, and violates Article I, section 22, of the Constitution of Nebraska. With the staggered terms of Nebraska legislators provided for under Article III, section 7, of the Constitution of Nebraska, it would be a practical impossibility to redistrict without this effect. The regulations regarding the exercise of the elective franchise provided for under the Constitution of Nebraska, and as affected by L.B. 925, are reasonable, uniform, and impartial, and should not be treated as subverting or impeding the exercise of the elective franchise. L.B. 925 does not create any unconstitutional hindrance or impediment to the right of a qualified voter to exercise the elective franchise and does not violate Article I, section 22, of the Constitution of Nebraska.

Finally, the plaintiff asserts that L.B. 925 is vague

and indefinite in that section 4 states: "The precincts, townships, and cities mentioned in section 2 of this act shall be the precincts, townships, and cities set out in the 1960 Census of Population by the United States Department of Commerce, Bureau of the Census, as outlined in Volume I, Characteristics of the Population, Part A, Number of Inhabitants, pages 29-3 to 29-18."

The plaintiff's argument is that the precincts, townships, and cities used in defining districts are to be, not as established by law in the State of Nebraska, but as outlined in the census document, and that the census document does not affirmatively show that it reflects boundaries set by Nebraska law. The census document contains map outlines and populations of counties, minor civil divisions, election precincts, and townships which accurately reflect the boundaries of the respective precincts, townships, and cities as of April 1, 1960. While the census document and maps do not affirmatively and conclusively disclose it, there can be little reasonable question but that they refer to and show boundaries as established by Nebraska law as of April 1, 1960, and we so hold. L.B. 925 is not so vague and indefinite as to be meaningless and void.

For the reasons stated, we determine that L.B. 925, 75th Session of the Nebraska Legislature, is a valid, enforceable, and constitutional enactment. The plaintiff's petition is dismissed and costs herein are assessed to the plaintiff.

JUDGMENT FOR DEFENDANTS.