477 N.W.2d 577 (1991)
239 Neb. 653
STATE of Nebraska, Appellee and Cross-Appellee,
v.
NEBRASKA ASSOCIATION OF PUBLIC EMPLOYEES, Local 61 of the American Federation of State, County, and Municipal Employees, Appellee and Cross-Appellant, and
Nebraska Association of Correctional Employees/American Federation of State, County, and Municipal Employees, Appellant.
No. 89-737.
Supreme Court of Nebraska.
December 13, 1991.
*579 J. Murry Shaeffer, Lincoln, for appellant.
*580 Dalton W. Tietjen, of Tietjen, Simon & Boyle, Omaha, for appellee Nebraska Ass'n of Public Employees.
Robert M. Spire, Atty. Gen., and Charles E. Lowe, Lincoln, for appellee State.
Mark D. McGuire and Scott J. Norby, of Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, for amicus curiae Nebraska State Educ. Ass'n.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.
FAHRNBRUCH, Justice.
Two labor unions, one a cross-appellant, appeal a trial court declaratory judgment holding unconstitutional (1) portions of the Nebraska Uniform Arbitration Act that purport to validate agreements to submit future disputes to binding arbitration and (2) clauses in two labor contracts which require the unions, their members, and the employer involved to submit future disputes to binding arbitration.
We hold that (1) provisions in Neb. Rev.Stat. §§ 25-2601 et seq. (Reissue 1989) authorizing binding arbitration of future disputes, and (2) clauses in contracts providing for binding arbitration of future disputes, violate Neb. Const. art. I, § 13. That constitutional provision dictates that "[a]ll courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay."
Accordingly, we affirm the judgment of the district court for Lancaster County.

FACTUAL BACKGROUND
This action for declaratory judgment was instituted by Nebraska's Attorney General. It names as defendants the Nebraska Association of Public Employees, Local 61 of the American Federation of State, County, and Municipal Employees (NAPE), and the Nebraska Association of Correctional Employees/American Federation of State, County, and Municipal Employees (NACE). NAPE is the certified exclusive collective bargaining representative of state employees in the health and human care nonprofessional bargaining unit; the engineering, science, and resources bargaining unit; the maintenance, trades, and technical bargaining unit; and the social services and counseling bargaining unit. NACE is the certified exclusive collective bargaining representative of state employees in the protective service bargaining unit. The employer involved is the State of Nebraska.
In 1987, the Legislature enacted the Uniform Arbitration Act (the Act). It provides in relevant part that "[a] provision in a written contract to submit to arbitration any controversy thereafter arising between the parties ... is valid, enforceable, and irrevocable...." § 25-2602.
On February 9, 1988, respective representatives of NAPE, NACE, and the State of Nebraska, as an employer, executed separate collective bargaining agreements effective for the period of July 1, 1988, through June 30, 1989. Both unions proposed that the contracts contain provisions for binding arbitration of certain disputes which might arise after execution of the contracts. The State agreed to those provisions only after letters of agreement were executed by representatives of NAPE and NACE, acknowledging that Nebraska's Attorney General had issued an opinion declaring unconstitutional the Act's provisions for binding arbitration. NAPE's letter of agreement provided:
It is understood by the parties that the Nebraska Attorney General has issued an opinion that final and binding arbitration is unconstitutional, and the parties also acknowledge that the Attorney General may file a legal action seeking to resolve the constitutionality issue. In such case the Union agrees to serve as defendant in such law suit and to pay the costs of defending such law suit.
The letter of agreement signed by NACE's representative is similar to the one signed by NAPE's representative.
The NAPE contract contains two provisions for final and biding arbitration between the State and the affected employees. Paragraph 1.6 contains provisions for *581 final and binding arbitration regarding terms and conditions of employment. Paragraph 4.11 contains provisions for final and binding arbitration regarding resolution of employee grievances. The NACE contract contains a provision similar to paragraph 4.11 of NAPE's contract.
Before the State filed suit, NAPE invoked both paragraphs 1.6 and 4.11 of its contract. The State responded by refusing to submit to arbitration. Thereafter, Nebraska's Attorney General filed this declaratory judgment action. He asked the trial court to invalidate the final and binding arbitration clauses of the labor contracts and to declare provisions of the Act unconstitutional that authorize binding arbitration of future disputes.

ASSIGNMENTS OF ERROR
Combined, the errors assigned by NAPE and NACE challenge the district court rulings that (1) the portion of § 25-2602 of the Act which authorizes agreements to submit disputes to arbitration violates public policy and is contrary to Neb. Const. art. I, § 13; (2) § 25-2613(a) violates Neb. Const. art. I, § 13, in that it does not provide for meaningful review of an arbitrator's decision; (3) clauses of the labor contracts between the State and NAPE and NACE which provide for final and binding arbitration are unconstitutional; and (4) the State is not equitably estopped from challenging the validity and enforceability of the labor contract provisions regarding arbitration.

STANDARD OF REVIEW
Under Neb.Rev.Stat. §§ 25-21, 149 et seq. (Reissue 1989), a declaratory judgment action is an appropriate method to obtain a judicial construction of a statute or determination of a statute's validity, including resolution of a challenge to the constitutionality of a statute. See State ex rel. Spire v. Northwestern Bell Tel. Co., 233 Neb. 262, 445 N.W.2d 284 (1989). A declaratory judgment that a legislative act is unconstitutional might be a basis for injunctive relief against enforcement of the act and, unrelated to a claim for damages, is more akin to relief through an equity action than to relief through a law action. Id. Consequently, in the present appeal we apply the standard for review of an equity appeal:
In an appeal of an equity action, this court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court; provided, where the credible evidence is in conflict on a material issue of fact, we consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.
State ex rel. Spire v. Strawberries, Inc., 239 Neb. 1, 4, 473 N.W.2d 428, 432 (1991). One claiming that a statute is unconstitutional has the burden to show that the questioned statute is unconstitutional. Id. A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. Id.

CONSTITUTIONALITY OF § 25-2602
The earliest Nebraska case to address the validity of contract provisions which compel parties to arbitrate future disputes was German-American Ins. Co. v. Etherton, 25 Neb. 505, 41 N.W. 406 (1889). This court held void a clause in an insurance policy which required arbitration of the amount of the claim as a condition precedent to bringing an action in court against the company. "Where a policy provides that the whole matter in controversy between the parties, including the right to recover at all, shall be submitted to arbitration, the condition is void. The effect of such a provision is to oust the courts of their legitimate jurisdiction, which the parties cannot do." Id. at 508, 41 N.W. at 406.
In a line of decisions that followed German-American Ins. Co., this court reiterated its concern that such clauses in a contract would oust the courts of their jurisdiction. See, e.g., National Masonic Accident Association v. Burr, 44 Neb. 256, 62 N.W. 466 (1895); Schrandt v. Young, 62 Neb. 254, 86 N.W. 1085 (1901). In two cases decided in 1902, this court explicitly grounded this policy in Neb. Const. art. I, § 13.
*582 The question presented in Hartford Fire Ins. Co. v. Hon, 66 Neb. 555, 92 N.W. 746 (1902), was the validity of a provision in an insurance contract which required that the question of the amount of loss be submitted to arbitrators. This court held that such a provision was an unenforceable violation of Neb. Const. art. I, § 13, because it ousted the courts of jurisdiction. The court stated that an agreement to submit a future controversy to arbitration cannot be enforced, upon the theory that the powers of all the courts may always be invoked by every citizen for the protection of that citizen's rights, that the enforcement of a valid and subsisting cause of action is a substantial right, and that the citizen cannot be held to have bartered that away by any agreement made before a controversy arises. Id.
The text of Neb. Const. art. I, § 13, was quoted by this court in Phoenix Ins. Co. v. Zlotky, 66 Neb. 584, 92 N.W. 736 (1902). There this court reiterated that "whenever we say that the jurisdiction of courts may be contracted away in advance on any question, we open a leak in the dyke of constitutional guarantees which might some day carry all away." Id. at 588, 92 N.W. at 737.
This court has since frequently stated the rule that arbitration agreements entered into before a dispute arises oust the courts of jurisdiction and are thus against public policy and therefore void and unenforceable. See, e.g., Babb v. United Food & Commercial Workers Local 271, 233 Neb. 826, 448 N.W.2d 168 (1989); Overland Constructors v. Millard School Dist., 220 Neb. 220, 369 N.W.2d 69 (1985). In restating this policy, the court has only infrequently explicitly cited Neb. Const. art. I, § 13. See, e.g., Poppert v. Brotherhood of R.R. Trainmen, 187 Neb. 297, 189 N.W.2d 469 (1971); Rentschler v. Missouri P.R. Co., 126 Neb. 493, 253 N.W. 694 (1934). Nonetheless, it is clear that the public policy consistently relied upon by this court is grounded in Neb. Const. art. I, § 13. Thus, NAPE's contention that the Legislature's enactment of the arbitration Act is a declaration of public policy in favor of arbitration is irrelevant. The Legislature cannot lawfully act beyond the limitations of the Constitution. State ex rel. Caldwell v. Peterson, 153 Neb. 402, 45 N.W.2d 122 (1950). Therefore, to the extent it provides for arbitration of future disputes, § 25-2602 violates Neb. Const. art. I, § 13, as do the binding arbitration clauses of the labor contracts involved here.
NACE assigns as error the trial court's holding that the State is not equitably estopped from challenging the validity and enforceability of the arbitration clauses in the contract. The doctrine of equitable estoppel will not be invoked against a governmental entity except under compelling circumstances where right and justice so demand. The doctrine is to be applied with caution in such cases and only for the purpose of preventing manifest injustice. Jennings v. Dunning, 232 Neb. 366, 440 N.W.2d 671 (1989). The facts in this litigation do not justify application of the doctrine of equitable estoppel against the State.
The elements of equitable estoppel are, as to the party estopped, (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts; as to the other party, (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice. Wheat Belt Pub. Power Dist. v. Batterman, 234 Neb. 589, 452 N.W.2d 49 (1990).
The record reveals that there were no false representations or concealment of material *583 facts on the part of the State. On the contrary, the State agreed to the inclusion of the arbitration clauses in the contracts only after securing the signatures of representatives of both NAPE and NACE on the letters of agreement. Those letters of agreement clearly establish the State's reservations regarding the constitutionality of the arbitration clauses. Both unions were fully informed of the State's position in that regard. Because the first element of equitable estoppel is not present in the case, this assignment of error is without merit.
It is unnecessary for us to consider the remaining assignment of error. Having held that agreements to arbitrate future disputes are unconstitutional, we need not address the sufficiency of the judicial review provisions contained in § 25-2613(a) of the Act.
The judgment of the district court is affirmed.
AFFIRMED.