CONNIE DAY ET AL., APPELLANTS, V. E. BENJAMIN NELSON, GOVERNOR OF NEBRASKA, ET AL., APPELLEES.

485 N.W.2d 583

Filed July 2, 1992.   No. S-92-229.

Robert F. Bartle and K. Kristen Newcomb, of Healey & Wieland, and John M. Gerrard, of Gerrard, Stratton & Mapes, P.C., for appellants.

Don Stenberg, Attorney General, Charles E. Lowe, and Dale A. Comer for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The plaintiffs-appellants, Connie Day, John Day, Maynard Ohl, James Scheer, and Roger Shaffer, citizens of Nebraska residing in Madison County, initiated this action in the district court for Lancaster County. In their petition, the plaintiffs challenge the constitutionality of 1991 Neb. Laws, L.B. 614, which reapportions the state's legislative districts in light of the 1990 federal census. The plaintiffs allege that L.B. 614, insofar as it abolishes Madison County as a unitary district and instead divides the county between two preexisting districts, violates Neb. Const. art. III, § 5, and art. I, §§ 1 and 3, as well as the 14th Amendment to the U.S. Constitution. The plaintiffs prayed for a declaratory judgment determining that L.B. 614 is unconstitutional and permanently enjoining defendants, Governor E. Benjamin Nelson, Secretary of State Allen J. Beermann, and the State of Nebraska, from enforcing the provisions of L.B. 614. The district court, determining that L.B. 614 was not constitutionally deficient, dismissed the

plaintiffs' petition. This appeal followed.

An action to declare a statute unconstitutional "is more akin to relief through an equity action than relief through a law action." *State v. Nebraska Assn. of Pub. Employees*, 239 Neb. 653, 657, 477 N.W.2d 577, 581 (1991). On appeal from an equity action, this court tries factual questions de novo on the record and, as to both questions of fact and of law, is obligated to reach a conclusion independent from the conclusion reached by the trial court. *Id*.

Article III, § 5, of the Nebraska Constitution requires the Legislature to redistrict the state after each federal decennial census. The 1990 federal census declared the population of the state to be 1,578,385, which we judicially notice is slightly less than after the 1980 census. Given that there are 49 legislative districts, the optimum number of persons in each legislative district is 32,212 (1,578,385 divided by 49).

Early in the process, the Committee on Government, Military, and Veterans' Affairs determined that it would apportion all districts such that they did not deviate more than 2 percent from the ideal population figure. In other words, each district would contain between 31,568 and 32,856 persons. This population range appears to satisfy *Baker v. Carr*, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962), and *Reynolds v. Sims*, 377 U.S. 533, 84 S. Ct. 1362, 12 L. Ed. 2d 506 (1964) (one person, one vote rule), and will not be considered further. Only two Nebraska counties, Lincoln and Madison, possess populations falling within the range established by the committee.

In the decade since the last census, 83 of the state's 93 counties did not experience a population increase. Of the 10 counties showing a population increase, the largest increases occurred in the state's most populous areas—Douglas, Lancaster, and Sarpy Counties. Madison County was also one of the 10 counties enjoying a population increase during the preceding decade. The population shift to the state's urban centers impressed upon the committee, as well as upon the entire Legislature, the need to create two additional legislative seats in the Douglas, Lancaster, and Sarpy County areas. Correspondingly, two outstate districts would have to be

eliminated, and their territory and populace assigned to other districts destined to survive.

According to the L.B. 614 apportionment, Lincoln County remains as Legislative District 42. However, District 21, the district formerly composed of Madison County, is moved to the Douglas, Saunders, and Lancaster County area and the territory and population of Madison County are assigned to Districts 18 and 40. At least one alternative plan considered and rejected by the committee and the full Legislature retained both Lincoln and Madison Counties as unitary legislative districts.

Article III, § 5, provides as follows:

At the regular session of the Legislature held in the year nineteen hundred and thirty-five the Legislature shall by law determine the number of members to be elected and divide the state into legislative districts. In the creation of such districts, any county that contains population sufficient to entitle it to two or more members of the Legislature shall be divided into separate and distinct legislative districts, as nearly equal in population as may be and composed of contiguous and compact territory. One member of the Legislature shall be elected from each such district. The basis of apportionment shall be the population excluding aliens, as shown by the next preceding federal census. The Legislature shall redistrict the state after each federal decennial census. *In any such redistricting, county lines shall be followed whenever practicable, but other established lines may be followed at the discretion of the Legislature.*

(Emphasis supplied.) See, also, *Carpenter v. State*, 179 Neb. 628, 139 N.W.2d 541 (1966).

It is a fundamental principle of constitutional interpretation that each and every clause within a constitution has been inserted for a useful purpose. *Anderson v. Tiemann*, 182 Neb. 393, 155 N.W.2d 322 (1967).

As stated above, the only counties in this state where a single legislative district could lawfully follow the entire county boundaries are Lincoln County and Madison County. It is obvious that according to the plain language of article III, § 5, Madison County must constitute a single district unless not

"practicable." It is also obvious that the presence of a number of proposed plans that apportion the state leaving District 21 substantially intact makes following that county's boundaries "practicable."

The suggestion by the State in its brief that the process is entirely political ignores the mandatory "shall" in the constitutional section and would equate it with the permissive "may."

Since it was practicable to follow the county lines of Madison County and the Legislature failed to do so, it follows that §§ 5-219 and 5-241 of L.B. 614 violate article III, § 5, and the appellees should be enjoined.

The judgment is reversed and the cause remanded to the district court for Lancaster County with directions to enter judgment for the appellants.

REVERSED AND REMANDED WITH DIRECTIONS.

FAHRNBRUCH, J., not participating.

COLWELL, D.J., Retired, dissents.