FRED E. HLAVA ET AL., APPELLANTS, V. E. BENJAMIN NELSON, GOVERNOR OF NEBRASKA, ET AL., APPELLEES.

528 N.W.2d 306

Filed March 3, 1995. No. S-93-1125.

Michael V. Smith, of Smith and King, P.C., for appellants.

Don Stenberg, Attorney General, Charles E. Lowe, and Dale A. Comer for appellees Nelson, Allen J. Beermann, and State of Nebraska.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired, and HOWARD, D.J., Retired.

HOWARD, D.J., Retired.

Fred E. Hlava and other residents, taxpayers, and voters of Sheridan County, the county of Sheridan, and the city of Gordon (collectively, Hlava) appeal the Lancaster County District Court's dismissal of their lawsuit challenging the constitutionality of 1991 Neb. Laws, L.B. 614, as amended by 1992 Neb. Laws, L.B. 7 and L.B. 15, codified at Neb. Rev. Stat. § 50-1101 et seq. (Reissue 1993). The district court found that L.B. 614, as amended, which revised the boundaries of certain legislative districts, was constitutional and dismissed the case.

We affirm the order of the district court.

## STANDARD OF REVIEW

An action to declare a statute unconstitutional "is more akin to relief through an equity action than to relief through a law action." *State v. Nebraska Assn. of Pub. Employees*, 239 Neb. 653, 657, 477 N.W.2d 577, 581 (1991). Accord, *Robotham v. State*, 241 Neb. 379, 488 N.W.2d 533 (1992); *Day v. Nelson*, 240 Neb. 997, 485 N.W.2d 583 (1992). On appeal from an equity action, the appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent from the conclusion reached by the trial court. See, *Robotham v. State, supra*; *Day v. Nelson, supra*; *State v. Nebraska Assn. of Pub. Employees, supra*.

## FACTS

This case arises from a statewide legislative redistricting following the 1990 decennial census, which established Nebraska's population at 1,578,385. This resulted in each of Nebraska's 49 legislative districts having an ideal population of 32,212 persons. The Legislature's Committee on Government, Military, and Veterans' Affairs, charged with formulating the redistricting guidelines, determined that no redistricting plan would be considered in which districts deviated more than plus or minus 2 percent from the ideal population.

The redistricting was accomplished pursuant to L.B. 614. We held L.B. 614 to be unconstitutional as to Madison County because Madison County's population fell into the ideal population range and the Legislature had failed to follow the county lines even though it was practical to do so. See *Day v. Nelson, supra*. The Legislature subsequently enacted L.B. 7 to redistrict Madison County in conformity with *Day*. At the same time, L.B. 15 was enacted to change the boundaries of two districts in southwest Nebraska.

As a result of L.B. 614, Sheridan County was divided and assigned to two legislative districts. Prior to the redistricting, all of Sheridan County had been in district 49. Following the redistricting, the two Gordon precincts adjacent to Cherry County were added to legislative district 43, while the

remainder of Sheridan County remained in district 49. The amendment of L.B. 614 by L.B. 7 and L.B. 15 had no effect on the division of Sheridan County.

Hlava filed a lawsuit in district court seeking a declaration that L.B. 614, as amended, violated article III, § 5, of the Nebraska Constitution because the Legislature's redistricting failed to follow county lines where practicable. Hlava further requested an injunction against the implementation and enforcement of the statute.

The district court found L.B. 614, as amended, to be constitutional and dismissed the case. Hlava timely appealed to this court.

## ASSIGNMENT OF ERROR

Hlava's sole assignment of error is that the district court erred in determining that L.B. 614, as amended by L.B. 7 and L.B. 15, does not violate Neb. Const. art. III, § 5.

## ANALYSIS

Initially, we note that one claiming that a statute is unconstitutional has the burden to show that the questioned statute is unconstitutional. *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994); *Henry v. Rockey*, 246 Neb. 398, 518 N.W.2d 658 (1994). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Id.* Unconstitutionality must be clearly established before a statute will be declared void. *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990).

Article III, § 5, of the Nebraska Constitution, which requires the Legislature to redistrict the legislative districts of the state after each federal decennial census, provides that "[i]n any such redistricting, *county lines shall be followed whenever practicable*, but other established lines may be followed at the discretion of the Legislature." (Emphasis supplied.)

Hlava argues that article III, § 5, stands for the proposition that "[w]hen required to redistrict itself by . . . the Nebraska Constitution, the Nebraska Legislature *is bound to the use of county lines* for state legislative district boundaries *except for counties which must be divided into two or more legislative districts*." (Emphasis supplied.) Brief for appellants at 8. We disagree.

Hlava's argument appears to be based, at least in part, upon a misunderstanding of this court's holding in *Day v. Nelson*, 240 Neb. 997, 485 N.W.2d 583 (1992). Citing *Day*, Hlava states in his brief: "The Nebraska Supreme Court found that it was practicable to follow county lines in the redistricting process, and the Legislature's failure to do so by dividing Madison County violated Article III, Section 5 of the Nebraska Constitution." Brief for appellants at 7. Hlava then erroneously derives a broad rule that it is constitutionally impermissible to divide any county unless it has sufficient population to constitute more than one legislative district. That is not the rule enunciated in *Day*.

The sole issue in *Day* was whether a county with the ideal population size for a single legislative district may be divided, and the holding is a narrow one. The case stands *only* for the proposition that when a county possesses a population such that it can legally constitute a single legislative district, it is "practicable" to follow the boundaries of that county in any reapportionment plan, and the Legislature's failure to follow such boundaries violates Neb. Const. art. III, § 5. The *Day* opinion makes it clear that only two counties in the state, Madison and Lincoln, possess such populations as to constitute a single legislative district, and only Madison County had been divided by L.B. 614. The rule in *Day* cannot be further generalized.

Whether the Legislature may constitutionally divide a county with a population too small to constitute a single legislative district was not before the court in *Day*. However, the issue had previously been decided in *Carpenter v. State*, 179 Neb. 628, 139 N.W.2d 541 (1966). Accord *League of Nebraska Municipalities v. Marsh*, 253 F. Supp. 27 (D. Neb. 1966). In *Carpenter*, we held L.B. 925, 1965 Neb. Laws, ch. 22, p. 171, to be constitutional even though that statute provided for the division of some counties which had populations insufficient to entitle them to two or more districts. The argument that the boundaries of legislative districts must adhere to county lines except when a county must be divided into two or more districts is wholly without merit.

Hlava points out that there were other redistricting plans

considered by the Legislature which would not have resulted in the division of Sheridan County and which would have been practical for the Legislature to adopt. We note that two of the alternative plans would have unconstitutionally divided Lincoln County, in direct violation of this court's holding in *Day*. Two other alternative plans would have left Sheridan County intact, but would have resulted in the division of counties which remained intact under the plan adopted by the Legislature. Those two plans would doubtless satisfy the residents of Sheridan County, but would do so at the expense of residents of other counties. Article III, § 5, clearly gives the Legislature the discretion to determine which counties ultimately are to be divided in the redistricting process.

Hlava also takes issue with the Legislature's self-imposed guideline that districts not deviate more than plus or minus 2 percent from the ideal population size of 32,212. According to Hlava, it would have been possible for the Legislature to honor county lines had it relaxed its guidelines "to the extent geography and socio-economical realities require." Brief for appellants at 11.

In support of this argument, Hlava cites several U.S. Supreme Court cases permitting greater variation in district populations than the guideline utilized by the Legislature. The fact that the Court may *permit* a greater deviation does not mean that it *requires* such deviation.

Certainly, the Legislature may adhere to a more stringent standard in order to best achieve proportional representation for the citizens of Nebraska. Indeed, such a strict standard is consistent with the requirement of article III, § 5, that any reapportionment of legislative districts be based solely on population. See *Carpenter v. State, supra*.

Although Hlava has shown that the Legislature possibly could have chosen other ways to accomplish the constitutionally mandated legislative redistricting, he has failed in his burden to clearly establish that the redistricting plan actually chosen by the Legislature is unconstitutional. Therefore, L.B. 614, as amended, is presumed to be constitutional, as the district court held, and as we now hold.

## CONCLUSION

Having found that L.B. 614, as amended, is constitutional, we affirm the order of the district court finding the statute constitutional and dismissing Hlava's petition.

AFFIRMED.