MILLENNIUM SOLUTIONS, INC., APPELLEE,
v. RICK DAVIS, APPELLANT.
603 N.W.2d 406

Filed December 10, 1999.    No. S-98-590.

George Achola, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

John G. Liakos, Bruce R. Gerhardt, and Howard N. Epstein, of Liakos & Associates, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Millennium Solutions, Inc. (Millennium), commenced this action in Douglas County Court, alleging that Rick Davis had breached a contract between the parties. Davis demurred and moved to compel arbitration pursuant to a clause in the contract which required arbitration. The county court sustained Davis' motion to compel and dismissed Millennium's petition.

Millennium appealed to the district court, alleging that the county court erred, inter alia, in finding that the predispute binding arbitration clause in the contract was enforceable. The district court reversed the decision of the county court and remanded the matter for further proceedings, finding that the county court erred in sustaining Davis' demurrer and dismissing Millennium's petition. Davis timely appeals.

## SCOPE OF REVIEW

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999).

■ The determination of whether a contract is void as against public policy is a question of law. See *Ploen v. Union Ins. Co.*, 253 Neb. 867, 573 N.W.2d 436 (1998).

■ As to questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. See *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999).

## FACTS

On February 17, 1997, Millennium and Davis entered into a contract entitled "Executive Marketing Agreement." The contract contained a predispute binding arbitration clause which provided that

> [a]ny dispute or controversy arising under, out of, or in relation to this Agreement, any amendment thereto, or breach thereof, shall be first discussed between Contract marketer [Davis] and Technology Vendor [Millennium] and if the two parties are unable to reach a settlement, any dispute or controversy will be determined through binding arbitration.

On February 6, 1998, Millennium commenced this action in Douglas County Court, alleging that Davis had breached their contract. Davis demurred and moved to compel arbitration. The county court sustained the demurrer and dismissed the petition.

On appeal, the district court found that Neb. Rev. Stat. § 25-2602.01 (Cum. Supp. 1998) became effective on June 11, 1997, and that the alleged breach of contract occurred on February 9, 1998. The district court concluded that § 25-2602.01 was substantive in nature and operated prospectively only; that at the time the parties executed the contract, the predispute binding arbitration clause contained therein was void as against public policy; and that the subsequent enactment of § 25-2602.01 did not validate the clause. Thus, the district court reversed the decision of the county court and remanded the matter for further proceedings.

## ASSIGNMENTS OF ERROR

Davis assigns as error that the district court erred in finding that the predispute binding arbitration clause contained in the contract between the parties was void as against public policy and in failing to find that the Uniform Arbitration Act, Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 1995 & Cum. Supp.

1998), operates to include predispute binding arbitration clauses in any agreement made subsequent to August 30, 1987.

## ANALYSIS

The following timeline sets forth dates relevant to this opinion:

| | |
|---|---|
| 08/30/87 | Uniform Arbitration Act (§§ 25-2601 to 25-2622) took effect. |
| 12/13/91 | *State v. Nebraska Assn. of Pub. Employees*, 239 Neb. 653, 477 N.W.2d 577 (1991), declared § 25-2602 unconstitutional as against public policy because it violated Neb. Const. art. I, § 13. |
| 06/25/96 | Article I, § 13, amended to state that "the Legislature *may* provide for the enforcement of mediation, binding arbitration agreements, and other forms of dispute resolution which are entered into voluntarily and which are not revocable other than upon such grounds as exist at law or in equity for the revocation of any contract." (Emphasis supplied.) |
| 02/17/97 | Millennium and Davis entered into the executive marketing agreement. |
| 06/11/97 | Section 25-2602.01(b) took effect, stating: "A provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid . . . ." |
| 02/06/98 | Alleged breach of contract by Davis. |

The issue presented is whether the predispute binding arbitration clause in the contract between the parties is void as against public policy. In summary, Davis argues that the clause is binding, is not against public policy, and therefore should be enforced. Millennium argues that § 25-2602.01 does not apply retroactively to contracts in existence before June 11, 1997, and that at the time the parties entered into their contract, the predispute binding arbitration clause violated public policy.

We first consider whether § 25-2602.01 applies retroactively to the contract entered into between Davis and Millennium. The district court determined that § 25-2602.01 was substantive and, thus, must only be applied prospectively. Statutory interpretation presents a question of law, in connection

with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Allied Mut. Ins. Co. v. Action Elec. Co.*, 256 Neb. 691, 593 N.W.2d 275 (1999).

In noncriminal cases, statutes are generally not given retroactive effect unless the Legislature has clearly expressed an intention that the new statute is to be applied retroactively. *Battle Creek State Bank v. Haake*, 255 Neb. 666, 587 N.W.2d 83 (1998). This is particularly true when the amendment to the statute is a substantive change, as opposed to a procedural change. See *id*. There is nothing in the plain language of § 25-2602.01 which suggests that the Legislature intended that it operate retroactively. The corresponding legislative bill carried an emergency clause which made the statute effective 1 day after its passage. We therefore determine that since there is no clearly expressed legislative intent to apply § 25-2602.01 retroactively, the district court's conclusion that this statute should only be applied prospectively was correct.

We next consider whether the amendment to article I, § 13, revived § 25-2602. In *State v. Nebraska Assn. of Pub. Employees*, 239 Neb. 653, 477 N.W.2d 577 (1991), we declared that § 25-2602 was unconstitutional and void as against public policy. An unconstitutional statute creates no new rights and abrogates no old ones. It is for all purposes as though the statute had never been passed. *Whetstone v. Slonaker*, 110 Neb. 343, 346, 193 N.W. 749, 750 (1923):

> If the law-making body goes through the form of enacting a law, which it is prohibited by the Constitution from enacting, its action is wholly void and cannot be validated by a subsequent amendment to the Constitution so as to confer authority upon the legislature to pass such a law.

An act of the Legislature not authorized by the state Constitution at the time of its passage is absolutely null and void and is not validated by subsequent adoption of an amendment to the Constitution authorizing it. *Id*. Thus, it is as if § 25-2602 had

never been passed, and Davis may not rely upon it to enforce the predispute binding arbitration clause.

Other jurisdictions which have addressed the issue of whether a subsequent constitutional amendment retroactively validated a prior unconstitutional statute have concluded that absent an express or implied ratification of such statute, the constitutional amendment does not validate the statute. See, *State v. Bates*, 305 N.W.2d 426 (Iowa 1981); *Armco Steel v. City of Kansas City*, 883 S.W.2d 3 (Mo. 1994); *Sampson-Miller A. C., Inc. v. Landmark R. C.*, 224 Pa. Super. 25, 303 A.2d 43 (1973); *Harney v. Russo et al.*, 435 Pa. 183, 255 A.2d 560 (1969).

In *Burton v. City of Albany*, 40 Misc. 2d 50, 53-54, 242 N.Y.S.2d 510, 514-15 (1963), the court stated:

> [I]t is a general rule of construction that constitutional provisions, as well as statutes, are to be construed as prospective only unless a clear expression of intent to the contrary is found . . . . Secondly, while statutes in conflict with the Constitution are validated by a constitutional amendment which expressly or impliedly ratifies and confirms them . . . an unconstitutional statute is not validated by a subsequent constitutional amendment which does not ratify and confirm the statute but merely authorizes the enactment of such a statute.

See *State v. Cousan*, 684 So. 2d 382 (La. 1996).

The amendment to article I, § 13, made no reference to § 25-2602. While the language of the amendment authorized the Legislature to enact laws allowing for predispute binding arbitration, it did not make any attempt to revive or validate the prior existing law. Therefore, we conclude that the amendment did not revive or validate § 25-2602.

We now consider what effect the amendment to article I, § 13, had upon the right of Millennium and Davis to include a predispute binding arbitration clause in their contract. In our prior cases which considered article I, § 13, we explicitly relied upon article I, § 13, to determine the public policy with regard to arbitration clauses. See, *State v. Nebraska Assn. of Pub. Employees*, 239 Neb. 653, 477 N.W.2d 577 (1991); *Schrandt v. Young*, 62 Neb. 254, 86 N.W. 1085 (1901); *National Masonic Accident Association v. Burr*, 44 Neb. 256, 62 N.W. 466 (1895); *German-*

*American Ins. Co. v. Etherton*, 25 Neb. 505, 41 N.W. 406 (1889). Therefore, prior to the 1996 amendment to article I, § 13, the public policy of this state prohibited predispute binding arbitration clauses.

■ Davis argues that the public policy of the state changed once the 1996 amendment to article I, § 13, became effective. Constitutional interpretation is a question of law on which the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision by the trial court. *Father Flanagan's Boys Home v. Dept. of Soc. Servs.*, 255 Neb. 303, 583 N.W.2d ·774 (1998).

At the primary election in May 1996, the following proposed amendment to the Nebraska Constitution was submitted to the electors of the State of Nebraska for approval or rejection:

> All courts shall be open, and every person, for any injury done him or her in his or her lands, goods, person, or reputation, shall have a remedy by due course of law, and justice administered without denial or delay, except that the Legislature may provide for the enforcement of mediation, binding arbitration agreements, and other forms of dispute resolution which are entered into voluntarily and which are not revocable other than upon such grounds as exist at law or in equity for the revocation of any contract.

The amendment was submitted to the electors with the following ballot language: "A constitutional amendment to authorize the Legislature to provide for enforcement of mediation, binding arbitration agreements, and other forms of dispute resolution."

The amendment specifically stated that the Legislature "may" provide for the enforcement of arbitration, and therefore, the decision to pass a statute authorizing predispute binding arbitration was left to the Legislature's discretion. Also, the legislative history and the ballot language both illustrate that the drafters of the amendment and the electors anticipated the need for subsequent legislation. Thus, had the Legislature chosen not to pass § 25-2602.01, predispute binding arbitration clauses would have continued to be against public policy in this state.

We therefore conclude that the public policy of the State of Nebraska did not change until § 25-2602.01 became effective on June 11, 1997. Any contract clause allowing for predispute bind-

ing arbitration entered into before that date is void as against public policy. Davis and Millennium entered into their contract before § 25-2602.01 became effective, and thus, the district court correctly determined that the arbitration clause contained therein was not enforceable.

## CONCLUSION

For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED.